IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-36,343-02 AND 36,343-03






EX PARTE BRIAN KEVIN FOSTER, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W93-68891-J AND W96-46975-J

IN THE CRIMINAL DISTRICT COURT NO. 3 FROM DALLAS COUNTY



 

 Per curiam.


 O R D E R



 These are applications for writs of habeas corpus which were transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offenses of possession of a controlled substance and delivery of a controlled substance,
and punishment was assessed at ten (10) years' confinement. No direct appeals were taken.

 Applicant contends that he is eligible for street time credit but has been improperly
denied credit against his sentence for a period of supervised release from July 30, 1999 until
February 27, 2004.

 The trial court has entered an order concluding that Applicant was not eligible for
street time credit because he had a new conviction for the offense of aggravated assault and
was serving a sentence for that offense at the time his parole was revoked. However, we
disagree. We believe that Applicant has alleged facts that, if true, might entitle him to relief. 
See Ex parte Keller, 173 S.W.3d 497 (Tex. Crim. App. 2005). Therefore, it is this Court's
opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court shall resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from the appropriate officials of the Texas Department of
Criminal Justice, Correctional Institutions Division and Parole Division, or it may order a
hearing. In the appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant has any prior conviction for an offense that would render him
ineligible for street time credit, and whether on the issuance date of the warrant or summons
initiating the revocation process, the remaining portion of his sentence was greater than the
time spent on supervised release. The trial court shall also make any further findings of fact
and conclusions of law it deems relevant and appropriate to the disposition of the application
for writ of habeas corpus. The trial court shall supplement the habeas record with copies of
all documents upon which its findings are based.

 Because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), these applications for post-conviction writs of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within forty-five (45) days of the date of this order. (1) 
A supplemental transcript containing all affidavits, including the TDCJ-CID and Parole
Division affidavits, and interrogatories or the transcription of the court reporter's notes from
any hearing or deposition, along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within ninety (90) days of the date of this
order. (2)

 IT IS SO ORDERED THIS THE 1st DAY OF NOVEMBER, 2006.

EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.